IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Keith L. Hoffler, # 229956,** ) | |
| ) | |
| Plaintiff, ) | C/A No. 6:05-2113-CMC-WMC |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| **Curtis Bufford; R. Jones; and** ) | |
| **Aramark Food Service Corporation**, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Defendant Aramark filed a motion to dismiss on December 22, 2005, and Defendants Bufford and Jones filed a motion for summary judgment. Plaintiff was specifically advised by court order of the summary judgment procedure and the possibility of dismissal of the case if no response was filed. When no response was filed by Plaintiff, a second order was issued granting Plaintiff additional time in which to advise the court whether he wished to continue to prosecute this action and that, if he failed to respond, this action would be dismissed for failure to prosecute. Plaintiff failed to file a response.[1]

In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

---

[1] Plaintiff filed a motion for appointment of an attorney on January 13, 2006. The motion was denied but the court extended the time for responding to the motions to dismiss and for summary judgment until March 1, 2006.

310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the Complaint, the motions, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that this action is DISMISSED for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 25, 2006